This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICARDO S. GIRON,**

Plaintiff-Appellant,

**v.**                                                          **No. 30,253**

**JAN GOODWIN, an individual,**
**predicate actor, RICK HOMANS,**
**an individual, predicate actor,**
**RICHARD GALEWALER, an**
**individual, predicate actor, Twenty-Five**
**John Does, and Twenty-Five Jane Does,**
**together, comprising a racketeering enterprise.**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Albert Mitchell, District Judge**

Ricardo S. Giron
Las Vegas, NM

Pro Se Appellant

Beall & Biehler
Mary T. Torres
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff filed a pro se civil enforcement action alleging that employees of the New Mexico Department of Taxation and Revenue (the Department) violated the Racketeering Act, NMSA 1978, Sections 30-42-1 to -6 (1980, as amended through 2009). The district court dismissed Plaintiff's case for failure to state a claim, failure to exhaust administrative remedies, and on sovereign immunity grounds [RP 432], following a motion to dismiss filed by Defendants. [RP 228-36] Plaintiff appeals from this order. [RP 436-37] This Court issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition and Defendants have filed a memorandum in support. We have considered the parties' arguments, and as we remain unpersuaded by Plaintiff's arguments in support of reversal, we affirm.

In this Court's calendar notice, we noted that this court presumes that the district court is correct and that the burden is on the appellant to clearly demonstrate that the lower court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990); *see also Allen v. Amoco Prod. Co.*, 114 N.M. 18, 22, 833 P.2d 1199, 1203 (Ct. App. 1992) (stating that it is the appellant's burden to demonstrate error). We pointed out that the district court dismissed Plaintiff's action on grounds that Plaintiff had failed to adequately state a claim, failed to exhaust administrative remedies, and that the State possessed immunity from Plaintiff's suit.

We also noted that Plaintiff had not addressed any of these bases for dismissal in his docketing statement. We therefore proposed to affirm because Plaintiff had failed to advance any argument on appeal that demonstrated error in the district court's ruling. *See, e.g.*, *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

In his memorandum in opposition, Plaintiff addressed the three grounds on which his case was dismissed arguing: (1) the New Mexico Racketeering Act provides for a private right of action [MIO 1-2]; (2) he was not required to exhaust his administrative remedies because he is not a taxpayer [MIO 2]; and (3) sovereign immunity does not apply because Plaintiff sued individual members of the Department of Taxation and Revenue and not the State of New Mexico [MIO 3].

To the extent Plaintiff argues that sovereign immunity does not apply because he sued individual members of the Department and not the State of New Mexico, we are unpersuaded by Plaintiff's argument. Sovereign immunity applies to both the State and to the State's employees acting within the scope of duty. *See* NMSA 1978, § 41-4-4(A) (2001). Furthermore, Plaintiff has not provided this Court with any authority to support his argument. As a result, this Court presumes that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330

(1984) (stating that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists).  Because Plaintiff has failed to demonstrate that the district court incorrectly concluded that sovereign immunity barred Plaintiff's suit, we do not address Plaintiff's arguments regarding the alternative bases supporting the district court's order.

Moreover, to the extent Plaintiff continues to argue that he was entitled to a jury trial, we informed Plaintiff in our proposed disposition that he was not entitled to a jury trial unless he could demonstrate error in the district court's ruling.  Because we conclude Plaintiff has failed to demonstrate such error, we affirm the district court's dismissal of Plaintiff's case.

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm the district court's order dismissing Plaintiff's case.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**